UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 15-22885-GLT |
| | : | |
| Joseph L. Horvath, Jr. | : | |
|                Debtor | : | Chapter 13 |
| | : | |
| BSI Financial Services as servicer for U.S. Bank | : | Related to Document No. n/a |
| Trust National Association, as Trustee of the SCIG | : | |
| Series III Trust | : | Hearing Date and Time: |
| Movant | : | December 16, 2020 at 9:00 am |
| | : | |
|         v. | : | |
| | : | |
| Joseph L. Horvath, Jr. | : | |
| Ronda J. Winnecour- Trustee | : | |
| Respondent (if none, then "No Respondent") | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay to permit Movant to enforce its mortgage on the Debtor's premises located at 332 Pittsburgh Street, Uniontown, PA 15401 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. Movant is the holder of a Note executed by the Debtor dated December 29, 2006, whereby the Debtor promised to repay $85,000.00 plus interest to America's Wholesale Lender (the "Original Lender"). A copy of the Note is attached hereto as **Exhibit "A"**.

2. To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Original Lender, encumbering

the Property, which was recorded in Recorder of Deeds Office in Fayette County, Pennsylvania under Book OR 3012, Page 1978 as Instrument No. 200700000258 on January 5, 2007. A copy of the Mortgage is attached hereto as **Exhibit "B".**

3. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the Assignments of Mortgage are attached hereto as **Exhibit "C"**.

4. Debtor and prior servicer, Nationstar Mortgage LLC entered into a loan modification effective January 1, 2014 which changed the principal balance to $81,266.35. A copy of the loan modification is attached here to as **Exhibit "D"**.

5. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on August 11, 2015.

6. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. When the instant case commenced, Movant's loan was held and serviced by Nationstar Mortgage LLC, as evidenced by the Proof of Claim filed under Claim Number 7-1 on October 29, 2015 in the total amount of $92,279.63. Subsequently, the loan was duly transferred to Movant as shown by the Transfer of Claim filed on June 15, 2018.

9. The Debtor's Chapter 13 Plan was confirmed by an Order entered by this Court on August 24, 2017. The default on Movant's loan constitutes a default on the terms of the Confirmation Order.

10. The Debtor has failed to make current mortgage payments due to Movant under the terms of the Mortgage. As a result, the Mortgage remains post-petition due for June 1, 2020.

11. The total amount due to payoff loan is $78,037.01 as of November 19, 2020.

12. The Debtor's Schedule D valued the Property at approximately $85,000.00. A copy of the Debtor's Schedule D is attached hereto as **Exhibit "E"**.

13. Accordingly, relief from the automatic stay is warranted under 11 U.S.C. 362(d)(2). The Debtor lacks sufficient equity in the Property given that interest and other amounts due on the obligation do or may continue to accrue.

14. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

15. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

16. Plaintiff incurred attorney's fees in the amount of $850.00 and filing costs of $181.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

17. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated:  November 19, 2020

By: _/s/Lorraine Gazzara Doyle_____
Lorraine Gazzara Doyle, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 230
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com